IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Betty Frances Taylor Epting, *as personal representative of the Estate of Thomas Edgar Taylor, Sr.*, | ) ) ) ) ) | Case No. 0:16-cv-3172-DCC Case No. 0:18-cv-3085-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| South Carolina Department of Corrections, Minnie Macon, Arthur Butler, Linda McNutt, Aaron Pellum, Dr. Mohan Sridaran, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| Betty Frances Taylor Epting, *as personal representative of the Estate of Thomas Edgar Taylor, Sr.*, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Dr. Mohan Sridaran, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 102.[1] Plaintiff filed a response in opposition, and Defendants filed a reply. ECF Nos. 106, 107. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 16, 2019, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted with respect to Plaintiff's federal causes of action. ECF No. 109. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff, through counsel, filed objections to the Report, and Defendants filed a reply. ECF Nos. 111, 112.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

---

[1] For clarity, the Court will use the docket entry numbers from the 2016 filed case for citations in this Order.

that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provided a thorough recitation of the procedural history, facts, and applicable law in the case, which the Court incorporates by reference. Plaintiff's objections focus primarily on her claim against Dr. Sridaran, which is discussed below. As to the remaining Defendants, Plaintiff contends "there is still a question of fact as to whether Mr. Pellum was ever placed back on the mental health roster." ECF No. 111 at 5. In support of this, Plaintiff argues, "[i]f a change in the MEDCLASS screen occurred then the inference can be drawn that Defendants Macon, Butler, and McNutt were deliberately indifferent because then they would be aware of a change in the MEDCLASS screen and intentionally ignored that Mr. Pellum was not a proper roommate for Mr. Taylor." *Id.* While Mr. Pellum's classification in the MEDCLASS screen was certainly a proper subject of discovery, Plaintiff has not offered any evidence that creates a factual question as to that issue. Indeed, her response in opposition to Defendants' motion for summary judgment contains documents that state that MEDCLASS information must be considered when evaluating a cell assignment request; however, Plaintiff has not directed the Court to any documentary evidence showing Pellum's MEDCLASS information.[2]

---

[2] Even assuming Defendants reviewed the MEDCLASS information and further assuming it showed a history of mental health treatment for Pellum, the Court would be left only to infer whether or not Defendants had the actual knowledge of a distinct risk. Under the unique facts of this case, those inferences would fall far short of the actual knowledge required to make a showing of deliberate indifference. At most, such action or inaction would create a genuine issue of material fact as to negligence.

Accordingly, the Court overrules Plaintiff's objection as there is no evidence to create a genuine issue of material fact.

Turning to the § 1983 claim against Dr. Sridaran, the Magistrate Judge recommended that summary judgment be granted. In her objections, Plaintiff argues that there was sufficient evidence in the record that Dr. Sridaran had knowledge that without treatment and medication Pellum would be a risk of harm to himself and others and that Plaintiff provided sufficient evidence that Dr. Sridaran's lapse of treatment caused Pellum to murder Mr. Taylor. The Court notes that Plaintiff relies heavily on the expert report which the Magistrate Judge did not specifically address other than one citation in her Report.

With respect to Plaintiff's causation argument, the Court has thoroughly examined the expert report and Dr. Sridaran's provided deposition testimony. The Court notes that the expert report states that Dr. Sridaran's deviation from the standard of care "directly led to Mr. Taylor's demise." However, while this conclusion may be sufficient to create a genuine issue of material fact with respect to negligence, Dr. Sridaran is entitled to summary judgment as to the claim that he was deliberately indifferent to Mr. Taylor's safety. This case revolves around the transfer of Pellum into Mr. Taylor's cell which ultimately resulted in his death. There is no evidence that Dr. Sridaran had any knowledge or input regarding Pellum's housing placement such that he should have been aware of an increased risk of harm to another inmate. Moreover, the statement in the expert report that Pellum "would never have been deemed by classification to be an appropriate cellmate for Mr. Taylor" if Dr. Sridaran had properly treated Pellum and had

predesignated him as "mental health" for classification purposes is too attenuated to establish causation. Accordingly, Plaintiff's allegations do not rise to the level of deliberate indifference.[3] *See Brice v. Va. Beach Corr. Ctr.,* 58 F.3d 101, 105 (4th Cir.1995) (holding that, in the Eighth Amendment context, deliberate indifference "lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law.").

Plaintiff fails to make any other specific objections to the Report. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge with respect to all other claims raised by Plaintiff.

Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. In making this decision, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and

---

[3] The Court further finds that, considering the record and the applicable law, Plaintiff has failed to establish that Dr. Sridaran knew that failing to treat Pellum would endanger other inmates sufficient to survive a motion for summary judgment. *See Farmer v. Brennan,* 511 U.S. 825, 837, 844 (1970) (holding that, in order to establish liability, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . . [and an official is not liable if he] "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"); *Brice v. Va. Beach Corr. Ctr.,* 58 F.3d 101, 105 (4th Cir. 1995) (finding that the test is subjective, not objective); *Strickland v. Halsey*, 638 F. App'x 179 (4th Cir. 2015) (unpublished) (holding that prison officials were not deliberately indifferent to an inmate's safety because they did not subjectively believe that another inmate—who had been convicted of murder twice—posed a substantial risk of harm when he had threatened to kill again).

considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Accordingly, the Court adopts as modified the Report and Recommendation of the Magistrate Judge. Defendants' motion for summary judgment [102] is **GRANTED**. Defendant Pellum's motion for appointment of counsel [64] is **FOUND as MOOT**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's remaining state law claims are **REMANDED** to the Court of Common Pleas for Richland County, South Carolina.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 18, 2019
Spartanburg, South Carolina